UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 11 |
| | : | |
| TOM'S FOODS, INC., | : | |
| | : | |
| Debtor | : | Case No. 05-40683 RFH |
| | : | |

BEFORE

ROBERT F. HERSHNER, JR.
CHIEF UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

For Movants:            Ms. Barbara Ellis-Monro
                        Mr. David M. Fass
                        Suite 3100, Promenade II
                        1230 Peachtree Street, NE
                        Atlanta, Georgia 30309

                        Mr. Bruce S. Sperling
                        Mr. Thomas D. Brooks
                        55 West Monroe Street
                        Suite 3200
                        Chicago, Illinois 60603

For Respondents:        Mr. Ashley R. Ray
                        Mr. J. Robert Williamson
                        1500 Candler Building
                        127 Peachtree Street, NE
                        Atlanta, GA 30303

                        Mr. Frank W. DeBorde
                        Mr. Daniel P. Sinaiko
                        1600 Atlanta Financial Center
                        3343 Peachtree Road, NE
                        Atlanta, Georgia 30326

Mr. Ira S. Dizengoff  
Mr. David P. Simonds  
Mr. Patrick C. Schmitter  
590 Madison Avenue  
New York, New York 10022

# **MEMORANDUM OPINION**

The D&O Parties, Movants, filed on June 5, 2006, a "Motion For Order Authorizing Insurers To Advance Defense Costs Or, In The Alternative, Motion For Relief From Automatic Stay." The Responsible Officer of Tom's Foods, Inc. and the Ad Hoc Committee of Certain of the Holders of 10.5% Senior Secured Notes Due November 5, 2004 (the "Noteholders Committee"), Respondents, filed on July 7, 2006, a limited objection to Movants' motion. Movants' motion came on for a hearing on July 11, 2006. Movants and Respondents have filed post-hearing briefs. The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

Movants are former directors and officers of Tom's Foods Inc., Debtor. Prior to filing for bankruptcy relief, Debtor purchased "primary" director and officer liability insurance policies from Federal Insurance Company ("Federal") and from Axis Reinsurance Company. Debtor purchased "excess" director and officer liability insurance policies from the Travelers Casualty & Surety Company, Zurich American Insurance Company, and XL Speciality Insurance Company.

The Federal policy[1] provides three types of coverage.[2] Coverage A provides

---

[1] The Federal policy is the only insurance policy that was provided to the Court. Movants seek relief primarily as to the Federal policy. The Court expresses no opinion as to any other policy.

that Federal shall pay a covered loss on behalf of Movants resulting from a "director and officer claim" to the extent that Debtor does not indemnify Movants for the loss. Coverage B provides that Federal shall pay a covered loss on behalf of Debtor resulting from a "director and officer claim" to the extent Debtor indemnifies Movants. Coverage C provides that Federal shall pay a covered loss on behalf of Debtor resulting from certain [non-director and officer or non-indemnity] claims made against Debtor. Exhibit A, p 2. Thus, Movants are the insured parties under Coverage A. Debtor is the insured party under Coverages B and C.[3]

The Federal policy provides that a "loss" includes reasonable costs and attorneys fees incurred in defending a claim. Id. pp 3-4. The policy provides a maximum aggregate limit of liability of $10,000,000. Id. p 1. The policy provides that if the aggregate loss exceeds the limits of liability, then Movants are entitled to payment under Coverage A before payment is made on behalf of Debtor under

---

[2] A copy of the Federal policy is attached as Exhibits A and B to Movants' Brief In Support Of Motion For Order Authorizing Insurers To Advance Defense Costs Or, In The Alternative, Motion For Relief From Automatic Stay (filed July 31, 2006), Docket No. 998, (hereafter "Exhibit A").

[3] Coverage A is direct liability coverage for Movants. Coverage B is indemnification coverage for Debtor for any amounts it may spend indemnifying Movants. Coverage C is direct coverage for Debtor for third party claims that are not director and officer claims or indemnity claims. 5 Collier on Bankruptcy, ¶ 541.10 (4), p. 541-66 (15th ed. rev. 2006).

Coverages B and C. Id. p 9-10. Thus, payments made on behalf of Movants will reduce the amount available to make payments on behalf of Debtor.[4]

Debtor filed a petition under Chapter 11 of the Bankruptcy Code on April 6, 2005. Debtor has liquidated substantially all of its assets and will not reorganize as a going concern. The Responsible Officer[5] is responsible for winding up Debtor's affairs. The Responsible Office is authorized to investigate, prosecute, and settle Debtor's claims and causes of action against any and all parties including, without limitation, claims against Movants.[6]

Movants contend that several claims for breach of fiduciary duty were made against Movants after Debtor filed for bankruptcy relief. Movants contend the claims are "director and officer claims" covered by the Federal policy. The claimants include the Noteholders Committee. Movant contends that Federal has agreed to advance to Movants their defense costs provided the Court authorizes the advances.

Movants contend that the insurance proceeds from the Federal policy are not

---

[4] This policy provision would impact Debtor if the maximum aggregate limit of liability is reached.

[5] Eugene I. Davis is the Responsible Officer.

[6] See Order, p 8 (filed Dec. 16, 2005), Docket No. 771.

property of Debtor's bankruptcy estate.[7] In the alternative, Movants contend that if the insurance proceeds are property of Debtor's bankruptcy estate, that cause exists to grant relief from the automatic stay to allow the advancement of Movants' defense costs.

Respondents contend that the insurance proceeds are property of Debtor's bankruptcy estate. Respondents, in their limited objection, do not object to the advancement by Federal of Movant's "reasonable and necessary" defense costs. Respondents contend, however, that the advancements must be monitored. Respondents contend that Movants should submit for review by the Court or by the Responsible Officer a fee application for each advancement request.

The Federal policy provides insurance coverage to both Movants and Debtor. If the aggregate loss exceeds the limits of liability, Movants are entitled to payment before payment is made on behalf of Debtor. Payments made on behalf of Movants will reduce the amount available to make payments on behalf of Debtor. The Court is persuaded that the policy benefits Debtor's estate by providing liability and indemnification coverage to Debtor.[8] The Court is persuaded that the insurance

---

[7] See St. Paul Mercury Insurance Co. vs. Flooring America, Inc., (In re Flooring America, Inc.), Ch. 11, Case No. 00-68370 (Bankr. N.D. Ga. July 13, 2001), Exhibit C, Docket No. 998. (order holding that automatic stay did not apply to payment of defense costs under director and officer and company liability insurance policy; relevant policy provisions not set forth in the order).

[8] The bar date for filing proofs of claims in Debtor's bankruptcy case was August 31, 2005. Docket No. 217. Movants contend that no proofs of claims were filed that

proceeds are property of Debtor's bankruptcy estate.  See In re Arter & Hadden, L.L.P., 335 B.R. 666 (Bankr N.D. Ohio 2005); In re Metropolitan Mortgage & Securities Co., 325 B.R. 851 (Bankr. E.D. Wash. 2005); In re Cybermedica, Inc., 280 B.R. 12 (Bankr. D. Mass. 2002).

Respondents do not object to the advancement by Federal of Movants' defense costs.  Respondents contend that Movants should submit for review a fee application for each advance request.  Courts are divided on this issue.  Compare In re Arter & Hadden, 335 B.R. at 674 (directors and officers must submit applications for payment of defense costs for review by the court) with In re Cybermedia 280 B.R. at 19 (declining to require submission of applications for defense costs for review by the court).

Movants state in their brief:

> The R.O.'s [Responsible Officer's] request that the Court require the D&O Parties [Movants] to submit their counsel's invoices to the R.O. for approval and, if the R.O. does not consent to advancement of Defense Costs, to the Court, is unnecessary and fundamentally unfair. *See* Limited Objection at ¶ 8.  The insurer [Federal] will monitor and review all defense costs requests and will

---

would be covered by the Federal policy.  Movants contend that any potential covered claims are purely speculative and hypothetical and are now time-barred.  The Court is not persuaded by this argument.  In a Chapter 11 case, the court may, for cause including excusable neglect, extend the bar date even after the bar date has expired. Fed. R. Bankr. P. 3003(c)(3); 9 Collier On Bankruptcy, ¶ 3003.03[4][b] (15th ed. rev. 2006).

> only pay reasonable costs. The insurer clearly has incentive to minimize the costs it pays, and any additional review of defense invoices by the R.O. or this Court is unnecessary and wasteful. But, if the R.O.'s proposal is granted, this Court's review of the invoices would likely be unavoidable, because the R.O. is adverse to the D&O Parties, whose defense bills contain privileged information, which would have to be redacted before submission to the R.O. and thus most likely result in this Court having to review all bills submitted. Requiring such review of Defense Costs incurred, when the insurer will already be closely monitoring the bills, thus results in an unnecessary additional review of Defense Costs and a waste of scarce judicial resources.

Brief In Support Of Motion For Order Authorizing Insurers To Advance Defense Costs Or, In The Alternative, Motion For Relief From Automatic Stay, p. 12 (filed July 31, 2006), Docket No. 998.

The Court is persuaded by Movants' reasoning. The Court is persuaded that Movants' motion should be granted.

An order in accordance with this memorandum opinion will be entered this date.

DATED this 7th day of December, 2006.

    /s/ Robert F. Hershner, Jr.
ROBERT F. HERSHNER, JR.
Chief Judge
United States Bankruptcy Court

9